*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF STREATE KOURTAKIS.

PAMELA KOURTAKIS,

      Appellee,

v

MICHAEL KOURTAKIS,

      Appellant.

UNPUBLISHED
February 12, 2026
10:32 AM

No. 370581
Oakland Probate Court
LC No. 2020-396420-DE

*In re* ESTATE OF LUCILLE KOURTAKIS.

PAMELA KOURTAKIS,

      Appellee,

v

MICHAEL KOURTAKIS,

      Appellant.

No. 370582
Oakland Probate Court
LC No. 2020-396270-DE

Before: CAMERON, P.J., and M. J. KELLY and YOUNG, JJ.

PER CURIAM.

In these consolidated appeals,[1] appellant appeals as of right the probate court's order denying admission of purported testamentary instruments for his parents, decedents Streate Kourtakis and Lucille Kourtakis. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and appellee are the son and daughter of decedents. Appellant lived with decedents nearly all his life. Appellee relocated to California sometime before 2009. Streate died in 2016, after which Lucille relocated to California, living with appellee until her death in 2020. Both parties sought to be named the personal representative of their parents' respective estates. Appellant sought to admit various documents he alleged were Streate's and Lucille's wills and codicils. Appellee objected to their admission, arguing they were obtained on the basis of appellant's undue influence over the decedents; according to appellee, appellant was emotionally abusive and domineering, and kept their parents in a state of fearful dependence. Appellee alleged appellant used his influence to coerce their parents into signing the documents at issue. Appellant disagreed, arguing he and his parents were always a tightly-knit family unit and that he always served their best interests. After a bench trial, the probate court found, of relevance, that appellee had established a rebuttable presumption of undue influence that appellant failed to rebut. Because the purported testamentary instruments were procured through undue influence, they were inadmissible. Appellant now appeals.

## II. STANDARD OF REVIEW

We review a probate court's factual findings for clear error. *In re Guardianship of Redd*, 321 Mich App 398, 403; 909 NW2d 289 (2017). "A factual finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citation omitted). This Court "defer[s] to the probate court on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *Id.* at 412 (quotation marks and citation omitted).

## III. ANALYSIS

Appellant argues the trial court erred in finding that the purported testamentary instruments were procured through undue influence. We disagree.

A party "alleging undue influence in the execution of a testamentary instrument must present evidence that the grantor was subjected to threats, misrepresentation, undue flattery, fraud, or physical or moral coercion sufficient to overpower volition, destroy free agency[,] and impel the grantor to act against his inclination and free will." *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 699; 880 NW2d 269 (2015) (quotation marks and citation omitted). While it did not delve into specifics, the trial court found, after "[w]eighing the testimony and the credibility of the witness's [sic] testimony, as well as the evidence provided," that the purported instruments

---

[1] *In re Kourtakis Estate*, unpublished order of the Court of Appeals, entered April 24, 2024 (Docket Nos. 370581 and 370582).

were the product of undue influence. The crux of this case depends on the weight the trial court afforded the testimonies provided below. Given our deference to the trial court's credibility determinations and the testimonies provided, we are not left with a definite and firm conviction that a mistake has been made. *In re Guardianship of Redd*, 321 Mich App at 403, 412.

The record reflects that, while in appellant's care, hospital staff treating Streate for a fall observed marks on his wrists consistent with being held by restraints. He also had pressure sores on his genitals and buttocks. As a result, hospital staff contacted Adult Protective Services (APS). Appellant claimed that his resistance to APS's investigation was due to his parents' desire to avoid the agency, but appellee disagreed. APS ultimately petitioned for a guardianship, and Daniel Kosmowski was appointed as Streate's guardian ad litem and assigned to investigate Streate's alleged abuse and neglect. Kosmowski testified that he interviewed appellant and was not satisfied with his explanation that Streate's condition was caused by sitting on a rattan chair without padding, but Streate died before he finished his reports.[2] Another report was made to APS after a neighbor reported that Streate had urinated on himself and that he and Lucille were underfed; appellant testified this was a false report.

Appellee testified that, after Streate's death, Lucille fled with her to California with only a suitcase. Indeed, decedents had tried to escape from appellant before, in 2009, but returned to Michigan after appellant made threatening telephone calls. Appellee further testified that Lucille wrote a letter to the police that she and appellee were afraid of appellant, and that he prevented Lucille from leaving the house. Appellant disagreed with this allegation, testifying that his parents went out almost every day. He also referenced a 2014 deposition of Streate in which Streate contended he was not under appellant's, or anyone else's, influence, but also admitted he was present during the deposition. Appellant admitted that he drafted the documents at issue in his parents' presence, but did so at their direction. Decedents wanted the documents in place to protect appellant's interests.

The trial court impliedly found that appellee and Kosmowski were more credible than appellant. Appellee's and Kosmowski's testimonies support the trial court's conclusion that

---

[2] Appellant also challenges the trial court's decision to permit Kosmowski to testify because appellee did not name him as a witness in her trial brief as instructed by the trial court. Appellee's failure to include Kosmowski in her brief gave the trial court "discretion to impose sanctions" against her. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 164; 792 NW2d 749 (2010). A trial court abuses its discretion by making a decision that falls outside the range of principled outcomes. *Id*. Even though appellee did not include Kosmowski as a witness as instructed, she had filed independent witness lists during the proceedings that listed Kosmowski. Thus, appellant was on notice of appellee's intent to call Kosmowski, and was independently aware of Kosmowski's involvement with Streate. As a result, appellant did not suffer from any unfair surprise by the admission of Kosmowski's testimony. Moreover, admitting the testimony of Streate's former guardian ad litem, given his relation to the subject matter and his status as a neutral nonparty weighing in on the credibility contest between the parties, is within the range of principled outcomes. *Id*.

decedents were subject to appellant's control and suffered abuse at his hands. Therefore, the trial court's finding that appellant, who admitted he drafted the documents at issue, procured them through threats or "coercion sufficient to overpower volition, destroy free agency[,] and impel the [decedents] to act against [their] inclination and free will." *Bill & Dena Brown Trust*, 312 Mich App at 699 (quotation marks and citation omitted).[3]

Affirmed.


/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Adrienne N. Young

---

[3] Because the trial court properly found that the documents were inadmissible on the basis of undue influence, we need not address appellant's other arguments regarding their admissibility under MCL 700.2502 and MCL 700.2503. We also need not address appellant's arguments regarding the trial court's findings as to the presumption of undue influence and whether a fiduciary relationship existed between him and decedents, because the record supports the trial court's finding that undue influence was actually present.